# Exhibit 7

# EXECUTIVE ORDER NO. 103

WHEREAS, Coronavirus disease 2019 ("COVID-19") is a contagious, and at times fatal, respiratory disease caused by the SARS-CoV-2 virus; and

WHEREAS, COVID-19 is responsible for the 2019 novel coronavirus outbreak, which was first identified in Wuhan, the People's Republic of China in December 2019 and quickly spread to the Hubei Province and multiple other countries; and

WHEREAS, symptoms of the COVID-19 illness include fever, cough, and shortness of breath, which may appear in as few as two or as long as 14 days after exposure, and can spread from person to person via respiratory droplets produced when an infected person coughs or sneezes; and

WHEREAS, on January 30, 2020, the International Health Regulations Emergency Committee of the World Health Organization declared the outbreak a "public health emergency of international concern," which means "an extraordinary event which is determined to constitute a public health risk to other States through the international spread of disease and to potentially require a coordinated international response," and thereafter raised its global risk assessment of COVID-19 from "high" to "very high"; and

WHEREAS, on January 31, 2020, the United States Department of Health and Human Services Secretary declared a public health emergency for the United States to aid the nation's healthcare community in responding to COVID-19; and

WHEREAS, as of March 9, 2020, according to the Centers for Disease Control and Prevention ("CDC"), there were more than 114,000 confirmed cases of COVID-19 worldwide, with over 4,000 of those cases having resulted in death; and

WHEREAS, as of March 9, 2020, there were more than 500 confirmed cases of COVID-19 in the United States, with 22 of those cases having resulted in death; and

WHEREAS, as of March 9, 2020, there were 11 presumed positive cases of COVID-19 in New Jersey, with 24 additional "Persons Under Investigation" spread across the counties of Bergen, Camden, Cumberland, Essex, Hunterdon, Middlesex, Monmouth, Passaic, Union, and Sussex; and

WHEREAS, as of March 9, 2020, there were 142 positive cases of COVID-19 in the State of New York and seven presumptive positive cases in the Commonwealth of Pennsylvania; and

WHEREAS, the CDC expects that additional cases of COVID-19 will be identified in the coming days, including more cases in the United States, and that person-to-person spread is likely to continue to occur; and

WHEREAS, if COVID-19 spreads in New Jersey at a rate comparable to the rate of spread in other affected areas, it will greatly strain the resources and capabilities of county and municipal governments, including public health agencies, that provide essential services for containing and mitigating the spread of contagious diseases, such as COVID-19, and the situation may become too large in scope to be handled in its entirety by the normal county and municipal operating services in some parts of this State, and this situation may spread to other parts of the State; and

WHEREAS, the spread of COVID-19 may make it difficult or impossible for citizens to obtain consumer goods and other necessities of life due to supply chain disruption and price increases, as well as hamper the delivery of essential services such as police, fire, and first aid; and

WHEREAS, the State's public bidding act, N.J.S.A. 52:34-6 et seq., provides a public exigency exemption, N.J.S.A. 52:34-10(b), that in the event of a threat to the life, health, or safety to the public, advertised bidding is not required to obtain those

goods and services necessary to address the public exigency where the Division of Purchase of Property provides preapproval in accordance with Treasury Circular 18-14-DPP; and

WHEREAS, in the event of a declared emergency pursuant to Treasury Circular 19-10-DPP, the threshold for delegated purchasing by individual State Departments is raised to $100,000 such that purchases at or below that amount do not require prior approval or action by DPP; and

WHEREAS, the spread of COVID-19 may disrupt the timely delivery of State contracted goods or services, the immediate delivery and fulfillment of which is necessary for the life, safety, or health of the public; and

WHEREAS, the State of New Jersey has been working closely with the CDC, local health departments, and healthcare facilities to monitor, plan for and mitigate the spread of COVID-19 within the State; and

WHEREAS, through Executive Order No. 102, which I signed on February 3, 2020, I created the State's Coronavirus Task Force, chaired by the Commissioner of the New Jersey Department of Health ("DOH"), in order to coordinate the State's efforts to appropriately prepare for and respond to the public health hazard posed by COVID-19; and

WHEREAS, it is critical to prepare for and respond to suspected or confirmed COVID-19 cases in New Jersey, to implement appropriate measures to mitigate the spread of COVID-19, and to prepare in the event of an increasing number of individuals requiring medical care or hospitalization; and

WHEREAS, the State of New Jersey also acts as an employer with tens of thousands of employees, and the spread of COVID-19 requires preparedness for staffing shortages and flexibility in work rules to ensure that its employees can fully comply with all

medically appropriate measures while also ensuring the continuous delivery of State services performed by Executive branch agencies; and

WHEREAS, the continuous delivery of services at the county and municipal level performed by those governments and their employees is also essential; and

WHEREAS, the spread of COVID-19 within New Jersey constitutes an imminent public health hazard that threatens and presently endangers the health, safety, and welfare of the residents of one or more municipalities or counties of the State; and

WHEREAS, it is necessary and appropriate to take action against this public health hazard to protect and maintain the health, safety, and welfare of New Jersey residents and visitors; and

WHEREAS, the facts as set forth above and consultation with the Commissioner of DOH confirms that there exists a public health emergency in the State; and

WHEREAS, New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-107 et seq., prohibits excessive price increases during a declared state of emergency, or for 30 days after the termination of the state of emergency; and

WHEREAS, the Constitution and statutes of the State of New Jersey, particularly the provisions of N.J.S.A. 26:13-1 et seq., N.J.S.A. App. A: 9-33 et seq., N.J.S.A. 38A:3-6.1, and N.J.S.A. 38A:2-4 and all amendments and supplements thereto, confer upon the Governor of the State of New Jersey certain emergency powers;

NOW, THEREFORE, I, PHILIP D. MURPHY, Governor of the State of New Jersey, in order to protect the health, safety and welfare of the people of the State of New Jersey, DO DECLARE and PROCLAIM that a Public Health Emergency and State of Emergency exist in the State of New Jersey, and I hereby ORDER and DIRECT the following:

1. I authorize and empower the State Director of Emergency Management, who is the Superintendent of State Police, in conjunction with the Commissioner of DOH, to take any such emergency measures as the State Director may determine necessary, including the implementation of the State Emergency Operations Plan and directing the activation of county and municipal emergency operations plans, in order to fully and adequately protect the health, safety and welfare of the citizens of the State of New Jersey from any actual or potential threat or danger that may exist from the possible exposure to COVID-19. The State Director of Emergency Management, in conjunction with the Commissioner of DOH, is authorized to coordinate the relief effort from this emergency with all governmental agencies, volunteer organizations, and the private sector.

2. The State Director of Emergency Management, in conjunction with the Commissioner of DOH, shall also supervise and coordinate all activities of all State, regional and local political bodies and agencies in order to ensure the most effective and expeditious implementation of this order, and, to this end, may call upon all such agencies and political subdivisions for any assistance necessary.

3. Given the concurrent invocation of both a State of Emergency pursuant to N.J.S.A. App.A.:9-33 et seq. and a Public Health Emergency as contemplated by N.J.S.A. 26:13-1 et seq., I reserve the right as specifically contemplated by N.J.S.A. 26:13-3 to exercise the authority and powers specific to the Emergency Health Powers Act as I deem necessary and appropriate to ensure the public health for New Jersey's residents.

4. It shall be the duty of every person or entity in this State or doing business in this State and of the members of the governing body and every official, employee, or agent of every

political subdivision in this State and of each member of all other governmental bodies, agencies, and authorities in this State of any nature whatsoever, to cooperate fully with the State Director of Emergency Management and the Commissioner of DOH in all matters concerning this state of emergency.

5. The Coronavirus Task Force established under Executive Order No. 102 is continued with the Commissioner of DOH as the chair, and shall provide assistance on the State's efforts preparing for and responding to the public health hazard posed by COVID-19.

6. I authorize and empower the executive head of any agency or instrumentality of the State government with authority to promulgate rules to waive, suspend, or modify any existing rule, where the enforcement of which would be detrimental to the public welfare during this emergency, notwithstanding the provisions of the Administrative Procedure Act or any law to the contrary for the duration of this Executive Order, subject to my prior approval and in consultation with the State Director of Emergency Management and the Commissioner of DOH.  Any such waiver, modification, or suspension shall be promulgated in accordance with N.J.S.A. App. A:9-45.

7. All State agencies, and specifically the Departments of Banking and Insurance, Health, Human Services, Education, and the Civil Service Commission are authorized to take appropriate steps to address the public health hazard of COVID-19, including increasing access and eliminating barriers to medical care, protecting the health and well-being of students, and protecting the health and well-being of State, county, and municipal employees while ensuring the continuous delivery of State, county, and municipal services.

8.  I authorize and empower the State Director of Emergency Management, in conjunction with the Commissioner of DOH, to order the evacuation of all persons, except for those emergency and governmental personnel whose presence the State Director deems necessary, from any area where their continued presence would present a danger to their health, safety, or welfare because of the conditions created by this emergency.

9.  I authorize and empower the State Director of Emergency Management, in conjunction with the Commissioner of DOH, to utilize all property, equipment, and facilities owned, rented, operated, and maintained by the State of New Jersey to house and shelter persons who may need to be evacuated from a residence, dwelling, building, structure, or vehicle during the course of this emergency.

10. I authorize and empower the Adjutant General, in accordance with N.J.S.A. 38A:2-4 and N.J.S.A. 38A:3-6.1, to order to active duty such members of the New Jersey National Guard who, in the Adjutant General's judgment, are necessary to provide aid to those localities where there is a threat or danger to the public health, safety, and welfare and to authorize the employment of any supporting vehicles, equipment, communications, or supplies as may be necessary to support the members so ordered.

11. In accordance with the N.J.S.A. App. A:9-34 and N.J.S.A. App. A:9-51, I reserve the right to utilize and employ all available resources of the State government and of each and every political subdivision of the State, whether of persons, properties, or instrumentalities, and to commandeer and utilize any personal services and any privately-owned property necessary to protect against this emergency.

12. In accordance with N.J.S.A. App. A:9 40, no municipality, county, or any other agency or political subdivision of this State shall enact or enforce any order, rule, regulation, ordinance, or resolution which will or might in any way conflict with any of the provisions of this Order, or which will in any way interfere with or impede the achievement of the purposes of this Order.

13. In accordance with N.J.S.A. App. A:9-34, N.J.S.A. App. A:9-40.6, and N.J.S.A. 40A:14-156.4, no municipality or public or semipublic agency shall send public works, fire, police, emergency medical, or other personnel or equipment into any non-contiguous impacted municipality within this State, nor to any impacted municipality outside this State, unless and until such aid has been directed by the county emergency management coordinator or his or her deputies in consultation with the State Director of Emergency Management in conjunction with the Commissioner of DOH.

14. This Order shall take effect immediately and shall remain in effect until such time as it is determined by me that an emergency no longer exists.

                                          GIVEN, under my hand and seal this 9th day of March, Two Thousand and Twenty, and of the Independence of the United States, the Two Hundred and Forty-Fourth.

[seal]                /s/ Philip D. Murphy

                       Governor

Attest:

/s/ Matthew J. Platkin

Chief Counsel to the Governor