# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICA'S KIDS, LLC, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:20-cv-03520 ) ) |
| ZURICH AMERICAN INSURANCE COMPANY, | ) Hon. Virginia M. Kendall ) ) ) |
| Defendant. | ) |

## DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF AMERICA'S KIDS, LLC'S AMENDED COMPLAINT

Defendant Zurich American Insurance Company submits this notice of supplemental authorities to bring to the Court's attention new decisions that support Zurich's motion to dismiss Plaintiff America's Kids LLC's Amended Complaint (ECF No. 36). Since Zurich filed its motion to dismiss, federal district courts nationwide have nearly unanimously held that claims for business losses related to COVID-19 are not covered under property-insurance policies.

In particular, the "nearly unanimous view" is that "COVID-19 does not cause direct physical loss or damage to a property sufficient to trigger coverage under" property-insurance policies. *Carrot Love, LLC v. Aspen Specialty Ins. Co.*, 2021 WL 124416, at *2 (S.D. Fla. Jan. 13, 2021); *see also Torgerson Props., Inc. v. Cont'l Cas. Co.*, 2021 WL 615416, at *1 (D. Minn. Feb. 17, 2021) ("The weight of authority is nearly unanimous that state orders restricting business operations because of the pandemic are not covered under the policy provisions at issue here."); *Kahn v. Penn. Nat'l Mut. Cas. Ins. Co.*, --- F. Supp. 3d ---, 2021 WL 422607, at *7 (M.D. Pa. Feb. 8, 2021) ("[W]e are persuaded by the unanimity among our colleagues on [the issue of whether COVID-19 orders themselves constitute "direct physical loss of or damage to property]."); *Soundview Cinemas Inc. v. Great Am. Ins. Grp.*, --- N.Y.S. 3d ---, 2021 WL 561854, at *9 (N.Y. Sup. Ct. Feb. 8, 2021) ("Federal courts in New York and throughout the country have almost uniformly held that loss of use of premises due to COVID-19 related government orders does not trigger business income coverage based on physical loss to property.").

Federal courts also have "nearly unanimously determined that [virus] exclusions bar coverage" for property-insurance claims based on the COVID-19 virus. *Riverwalk Seafood Grill Inc. v. Travelers Cas. Ins. Co. of Am.*, 2021 WL 81659, at *3 (N.D. Ill. Jan. 7, 2021); *see also Mashallah, Inc. v. West Bend Mut. Ins. Co.*, 2021 WL 679227, at *2 (N.D. Ill. Feb. 22, 2021) (explaining that "courts nationwide are in accord" that the plain language of virus exclusions preclude coverage for COVID-19-related business losses); *N&S Rest. LLC v. Cumberland Mut.*

1

*Fire Ins. Co.*, --- F. Supp. 3d ---, 2020 WL 6501722, at *4 (D.N.J. Nov. 5, 2020) ("[A] survey of the case law on this issue reveals that federal courts interpreting virtually identical 'Virus Exclusions' have nearly unanimously determined that these exclusions bar coverage of similar claims."); *Robert E. Levy, D.M.D., LLC v. Hartford Fin. Servs. Grp. Inc.*, 2021 WL 598818, at *5 (E.D. Mo. Feb. 16, 2021) ("[T]he decisions of other federal courts . . . have nearly unanimously found the plain language of the virus exclusion at issue unambiguous and that losses caused by COVID-19 related shutdowns fall within the exclusion.").

Courts applying Illinois or New York law are part of the growing consensus, which to date has resulted in the dismissal of more than 180 cases as a matter of law. Indeed, as one court recently explained with regard to a policy's requirement of "direct physical loss," "Illinois law provides a straightforward path for interpreting the policy here" because it "unambiguously requires some form of tangible loss or damage to the physical dimension of Plaintiff's property." *TJBC, Inc. v. Cincinnati Ins. Co.*, 2021 WL 243583, at *4-5 (S.D. Ill. Jan. 25, 2021). And so too does New York law. *Visconti Bus Serv., LLC v. Utica Nat'l Ins. Grp.*, --- N.Y.S. 3d ---, 2021 WL 609851, at *10 (N.Y. Sup. Ct. Feb. 12, 2021) ("New York courts, state and federal, applying New York law have uniformly held that this policy language [*i.e.*, direct physical loss or damage to property] is not ambiguous").

Since Zurich filed its reply in support of its motion to dismiss, a federal court in Ohio dismissed COVID-19 property-insurance claims that were brought under the same Zurich policy as America's Kids' policy, namely the Property Portfolio Protection ("PPP") policy. *See Brunswick Panini's, LLC v. Zurich Am. Ins. Co.*, 2021 WL 663675 (N.D. Ohio Feb. 19, 2021). In addition, an additional eight orders applying either Illinois or New York law dismissed

2

COVID-19 property-insurance claims on one or more bases that Zurich raised in its motion to dismiss. Three of those dismissals are from this Court.[1]

### *Decision on Same Policy As America's Kid's Policy*

1. *Brunswick Panini's, LLC v. Zurich Am. Ins. Co.*, 2021 WL 663675 (N.D. Ohio Feb. 19, 2021). Judge Boyko dismissed with prejudice the insureds' claims for business losses based on the same PPP policy under which America's Kids seeks coverage here. *See id.* at *8. In doing so, Judge Boyko held that "[n]either the COVID-19 virus nor the state government orders"—the same bases for coverage alleged by America's Kids—"caused 'direct physical loss of or damage to'" property, as is required to recover under the Business Income, Extra Expense, and Civil Authority coverages. *Id.* He also concluded that the PPP policy's Microorganism Exclusion precludes coverage because "COVID-19 is a virus; and therefore, a microorganism." *Id.* at *9. Thus, "[l]oss or damage directly or indirectly caused by COVID-19 is not covered," he reasoned, including loss resulting from the COVID-19 government orders, virus, or pandemic. *Id.* Bolstering this conclusion, Judge Boyko also noted that the virus exclusion applies because of the policy's anti-concurrent causation language and "the final clause of the Microorganism Exclusion," which excludes from coverage "loss, cost or expense incurred" from the government orders that "required Plaintiff Insureds to respond to the effects of the microorganisms." *Id.*

---

[1] To assist the Court, Appendix A to this Notice contains an updated compilation of orders dismissing COVID-19 property-insurance cases as a matter of law, which includes the 56 that have issued since Zurich filed its reply in support of its motion to dismiss on January 15, 2021. As the chart shows, the vast majority of dismissals are based on a failure to allege physical property loss or damage (Column titled "No Direct Physical Loss or Damage ('DPLOD')"), the policy's virus exclusion (Column titled "Virus Exclusion Applies"), or both. Among those dismissals are 88 that involved the precise policy language involved here (*i.e.*, "direct physical loss of or damage to property"). Courts also have dismissed claims for Civil Authority coverage on the ground that COVID-19 government orders did not prohibit access to insured property (Column titled "Government Order Does Not Prohibit Access"), were not issued in response to property loss or damage within the required vicinity of the insured property (Column titled "Government Order Not Issued In Response to DPLOD"), or both.

*Decisions Applying Illinois Law*

2. *Mashallah, Inc. v. West Bend Mut. Ins. Co.*, **2021 WL 679227 (N.D. Ill. Feb. 22, 2021).** Judge Kocoras dismissed with prejudice insureds' claims seeking coverage for business losses under their policies' Business Income, Extra Expense, and Civil Authority provisions. *Id.* at *1, 7. He concluded that the policies' virus exclusions, including one that excludes losses "directly or indirectly" caused by a virus like the Microorganisms exclusion in America's Kids' policy, are "clear and free from any ambiguity." *Id.* at *2-3. Thus, he concluded, "there is *no reasonable interpretation* that would allow coverage." *Id.* at *3. Even if the losses could be attributed to the COVID-19 government orders, rather than directly to the virus, the orders "[o]bviously" were set in motion by the activity of the virus, meaning that the insureds' losses were caused by the virus. *Id.* at *4. This conclusion was further underscored by the anti-concurrent causation clause in one of the insureds' policies. *Id.*

3. *Steve Foley Cadillac, Inc. v. N.Y. Marine & Gen. Ins. Co.*, **No. 2020-L-006774 (Ill. Cir. Ct. Feb. 19, 2021)** (included in Appendix A as Document 174). Judge Esrig dismissed with prejudice insureds' claims seeking coverage for business losses resulting from the COVID-19 government orders and virus. Order at 2. Like in this case, the policy in *Steve Foley* required "direct physical loss of or damage to property"; and also like in this case, the insureds in *Steve Foley* alleged that the virus "caused direct physical damage to the air quality, surfaces, personnel, services, and interests." *Id.* at 2, 4. Relying on the Illinois Supreme Court's opinion in *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278 (2001), Judge Esrig held that these allegations did not trigger coverage because "Illinois law requires actual physical injury to property." *Id.* at 5. Any contamination by "COVID-19 molecules" is "for a finite period, during and after which the surface remains unchanged," and "[a]s a matter of plain English, such temporary contamination does not represent physical loss of or damage to property." *Id.* at 4.

4

Judge Esrig further held that coverage is unavailable under the policy's civil authority provision because the insureds did not allege that the government orders resulted from damage to property other than at the insured premises. *Id.* at 8. Finally, Judge Esrig held that coverage was foreclosed by the policy's virus exclusion because the "plain language" precludes coverage for losses caused by the presence or harmful effects of a virus, such as the COVID-19 virus, and because the government orders "were issued in response to the virus." *Id.* at 9.

    4.    *Crescent Plaza Hotel Owner L.P. v. Zurich Am. Ins. Co.*, **2021 WL 633356 (N.D. Ill. Feb. 18, 2021)**. Judge Gettleman dismissed with prejudice an insured's action against Zurich seeking coverage for losses sustained due to the COVID-19 virus and attendant government orders (*id.* at *1), the identical causes of loss alleged by America's Kids here (Am. Compl. ¶ 1). Judge Gettleman reiterated his holding in an earlier decision that "[t]he critical policy language here—'direct physical loss'—unambiguously requires some form of actual, physical damage to the insured premises to trigger coverage." *Crescent Plaza*, 2021 WL 633356, at *2 (quoting *Sandy Point Dental PC. v. Cincinnati Ins. Co.*, --- F.3d ---, 2020 WL 5630465, at *2 (N.D. Ill. Sept. 21, 2020)). The government orders did not cause the requisite loss, he reasoned, because a plaintiff "simply cannot show any such loss as a result of . . . [an] inability to access its own" property. *Id.* (quoting *Sandy Point Dental*, 2020 WL 5630465, at *2). Nor did the virus cause the requisite loss, because "[t]he coronavirus does not physically alter the appearance, shape, color, structure, or other material dimension of the property." *Id.* at *3 (quoting *Sandy Point Dental*, 2020 WL 5630465, at *3). In addition, Judge Gettleman expressly disagreed with *Studio 417, Inc. v. Cincinnati Insurance Co.*, 478 F. Supp. 3d 794 (W.D. Mo. 2020), on which America's Kids relies to support its contention that the alleged presence of the COVID-19 virus at an insured premises suffices to trigger coverage. *Id.*

5

5.      *The Bend Hotel Dev. Co. v. Cincinnati Ins. Co.*, **2021 WL 271294 (N.D. Ill. Jan. 27, 2021)**. Judge Bucklo concluded that COVID-19-related business losses were not covered. *Id.* at *2-3. Judge Bucklo spoke to the very situation America's Kids alleges here, concluding that "every court in this district that has interpreted similar provisions under Illinois law has concluded that the virus does not cause 'direct physical loss or damage' to property." *Id*. at *3. Thus, regardless of America's Kids' assertion that the COVID-19 virus caused property loss or damage (*see* Am. Compl. ¶¶ 88-90), the law of Illinois is clear—no amount of artful pleading changes the fact that the coronavirus does not tangibly alter property as a matter of law.

6.      *TJBC, Inc. v. Cincinnati Ins. Co.*, **2021 WL 243583 (S.D. Ill. Jan. 25, 2021)**. Judge Dugan rejected the insured's argument that it was entitled to coverage because its business "losses resulted from a reduction in the value of [the insured's] business caused by a tangible and material substance (Covid-19) which can attach to its physical property." *Id.* at *3. Judge Dugan concluded that "direct physical loss under the parties['] policy unambiguously requires some form of tangible loss or damage to the physical dimension of Plaintiff's property." *Id.* at *4. The "[m]ere loss of use or diminishment in value of [the insured's] business without underlying tangible damage or loss to the business property or structure is not enough to trigger coverage." *Id*. In so holding, Judge Dugan concluded that the insured's interpretation to the contrary would be "strained" and render other policy provisions "needlessly convoluted." He determined that "Illinois law provides a straightforward path for interpreting the policy here." *Id*. at *4-5.

### *Decisions Applying New York Law*

7.      *Visconti Bus Serv., LLC v. Utica Nat'l Ins. Grp.*, **--- N.Y.S. 3d ---, 2021 WL 609851 (N.Y. Sup. Ct. Feb. 12, 2021)**. In dismissing the insured's complaint with prejudice, Judge Bartlett held that the phrase "direct physical loss or damage to property" requires "a showing of actual, demonstrable physical harm of some form to the insured premises—the forced closure

6

of the premises for reasons exogenous to the premises themselves is insufficient to trigger coverage." *Id.* at *10. Indeed, as she noted, "New York courts, state and federal, applying New York law have uniformly held that this policy language is not ambiguous, and that it unambiguously excludes coverage for the mere loss of use or functionality of the covered premises in the absence of actual, demonstrable physical harm thereto." *Id.* Judge Bartlett also rejected the insured's claim for civil authority coverage because, among other reasons, the contamination of neighboring properties by the COVID-19 virus "would not constitute the 'direct physical loss of or damage to' property that is required to trigger coverage," and the civil authority orders were issued "to limit the risk of spreading the Covid-19 virus," not as a result of physical loss of or damage to property. *Id.* at *12.

8. *Soundview Cinemas Inc. v. Great Am. Ins. Grp.*, --- N.Y.S. 3d ---, 2021 WL 561854 (N.Y. Sup. Ct. Feb. 8, 2021). The policy at issue, like America's Kids' policy, required "direct physical loss of or damage to property." *Id.* In dismissing the insured's claims with prejudice, Judge Driscoll "concur[red] with the majority view that loss of use of the Premises due to COVID-19 related government orders does not constitute 'direct physical loss of or damage to the property.'" *Id.* at *9. Likewise, the government orders were not issued in response to "direct physical loss of or damage to neighboring property" and, therefore, did not trigger civil authority coverage. *Id.* Thus, under New York law, America's Kids' allegations of loss of use resulting from COVID-19 government orders are insufficient to establish coverage.

9. *Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, 2021 WL 276655 (S.D.N.Y. Jan. 27, 2021). In dismissing the case with prejudice, Judge Engelmayer relied on the "[p]lain language" of the policy's virus exclusion, which excludes from coverage any "loss or damage caused directly or indirectly by . . . [a]ny virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or diseases" "regardless of any other

7

cause or event that contributes concurrently or in any sequence to the loss." *Id.* at *7-8. The insured's "claimed loss falls squarely within" this exclusion, Judge Engelmayer concluded, while also noting that "[t]his holding aligns with those of other courts around the nation that, in recent months, have held insurance claims for business income excluded under similarly worded virus-related exclusions." *Id.* Thus, whether America's Kids' alleged losses were caused directly by the COVID-19 virus (*see, e.g.*, Am. Compl. ¶¶ 90, 91), or indirectly by government orders issued in response to the COVID-19 virus or pandemic (*see, e.g.*, *id.* ¶¶ 83, 115), they nevertheless result from the virus and therefore are excluded.

Dated: March 1, 2021        By:  */s/ Debra Bogo-Ernst*
                                       Debra Bogo-Ernst

Debra Bogo-Ernst
Samantha Booth
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
dernst@mayerbrown.com
sbooth@mayerbrown.com

Bronwyn F. Pollock (*admitted pro hac vice*)
Douglas A. Smith (*admitted pro hac vice*)
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248
bpollock@mayerbrown.com
dougsmith@mayerbrown.com

Archis A. Parasharami
Evan M. Tager (*admitted pro hac vice*)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
aparasharami@mayerbrown.com
etager@mayerbrown.com

*Attorneys for Defendant Zurich American Insurance Company*

9